UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

MARILYN GILLESPIE
    Plaintiff

V.

Case No. WGC 09 CV 00169

IVAN MELYAKOV
    Defendant

### PLAINTIFF'S OPPOSITION AND MEMORANDUM TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF JOINT TAX RETURNS AND OTHER RELIEF

Plaintiff by and through counsel hereby opposes Defendant's Motion to Compel production of the Plaintiff's joint income tax returns. As grounds for this Opposition Plaintiff hereby states as follow:

1. Defendant cites the need for these returns presumably to corroborate Plaintiff's income.

2. Defendant has been provided all documentation supporting Plaintiff's earned income including the following:

   a. W-2 forms for the years 2003 through 2008.

   b. Plaintiff's Social Security Statement showing her taxed social Security wages and amount of Social Security tax paid for the years 1971 to 2007.

   c. Plaintiff's performance evaluations for the years 2000, 2001, 2002, 2003, 2006, 2007, 2008. Performance evaluations for 2004 and 2005 were just received and will be submitted by Plaintiff as a supplement to the previous discovery responses.

   d. Plaintiff's time sheets from her employment for the years 2006 through July

11, 2009.

    e. Plaintiff's Miscellaneous Income -1099 Forms for the years 2008, 2005 and 2004.

    f. Plaintiff's additional statements of income from Rutgers University for the years 2006 and 2005 as well income from Pearson Education in 2005.

3. Plaintiff's joint tax returns contain no information on Plaintiff's individual income. The returns contain the combined joint income of her and her husband and, therefore, are not relevant to any issue in this case. See Rule 26(b) (1) of the Federal Rules of Civil Procedure governing the scope of discovery, *Ashton v. Bherne Contracting Corp.*, 648 A.2d 1067, 102 Md. App. 87 (1994), *Rolley v. Sanford*, 126 Md. App. 124, 727 A. 2d 444 (1999).

4. Defendant makes no representation of how the requested information fits within the scope of discovery. If Plaintiff were to delete all non- relevant information the submission would be blank.

5. Defendant's reliance on *Ashton v. Bherne Contracting Corp.*, 648 A.2d 1067, 102 Md. App. 87 (1994) is misplaced. In that case Mr. Ashton failed to comply with two court orders ordering him to either produce his joint tax returns to the Appellee **or for *in camera* inspection**. After the second failure to comply with a valid court order Mr. Ashton's case was dismissed. The Maryland Court of Special Appeals reversed the dismissal and held that, even though the tax returns are not privileged, "we do not agree that irrelevant portions of the tax return are discoverable… Portions that are not relevant should be redacted." (*Ashton,* supra at 98). *Rolley v. Sanford*, 126 Md. App. 124, 727 A. 2d 444 (1999) held that portions of a tax return that are not relevant

may be redacted.

6. Ms. Gillespie has not violated any court order. She has no opposition to offering her joint income tax returns for an *in camera* inspection as her earned income is not itemized but joined with her husband's income. Alternatively, to avoid the use of valuable judicial resources, Plaintiff offers to allow Defendant's counsel to look at Plaintiff's joint returns in Plaintiff's counsel's office to determine whether there is any discoverable information provided that

   a. he not be permitted to take any notes,

   b. the use of any information obtained therefrom shall not be deemed admissible without further court order and

   c. no waiver of any privilege is claimed by virtue of allowing defendant's counsel to review the joint tax returns.

Respectfully submitted,

Ain & Stein LLC by:

_____
Michael M. Ain
Federal Bar No.: 01162
401 North Washington Street, Suite 500
Rockville, MD 20850
301-838-0199
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2009, a copy of the foregoing Plaintiff's Opposition and Memorandum to Defendant's Motion to Compel was served via first class postal mail, and e-filing to:

3

Richard Corcoran, Esq.
962 Wayne Avenue, Suite 200
Silver Spring, MD 20910

_____
Michael M. Ain

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

MARILYN GILLESPIE
    Plaintiff

V.

IVAN MELYAKOV
    Defendant

Case No. WGC 09 CV 00169

### PROPOSED ORDER

Upon consideration of Defendant's Motion to Compel Discovery to Produce Tax Returns and Plaintiff's Opposition thereto, it is on this 9th day of November, 2009 hereby

### (Alternative 1)

**ORDERED**, Plaintiff has provided sufficient supporting documentation for her earned income and, therefore, Defendant's Motion to Compel be and the same is hereby denied.

### (Alternative 2)

**ORDERED** that Defendant 's counsel may review Plaintiff's Joint tax returns in Plaintiff's counsel's office, for the sole purpose of determining whether any discoverable information is included and it is further

**ORDERED** that Defendant's counsel is prohibited from making any copies of said returns or making notes of the contents of the joint tax returns without agreement of Plaintiff's counsel or further order of this court and it is further

**ORDERED** that by virtue of allowing Defendant's counsel to review the tax returns Plaintiff has not waived any privilege or objection to the admissibility of these returns in part or in whole and any information Defendant obtains therefrom shall not be deemed admissible

1

without further court order.

### (Alternative 3)

**ORDERED** that Plaintiff produce the joint tax returns to the chambers of the undersigned judge for an *in camera* inspection and further order of this court.

_____
**Magistrate Judge William Connelly**

Copies to:

Michael M. Ain, Esquire
401 N. Washington Street Suite 500
Rockville, MD 20850
Counsel for Plaintiff

Richard D. Corcoran, Esquire
962 Wayne Ave., Suite 200
Silver Spring, MD 20910
Counsel for Defendant