IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
CIVIL DIVISION

Ms. Marilyn K. Gillespie
2713 Pradera
Santa Fe, NM 87505

    Plaintiff

v.

Ivan Melyakov
5100 Oakglen Drive
Rockville, Maryland 20852

and

Vladimir Melyakov
5100 Oakglen Drive
Rockville, Maryland 20852

    Defendants

Civil Action No. PJM 09 CV 0169

## COMPLAINT

Plaintiff Marilyn Gillespie, by and through her attorneys, Ain & Stein, LLC, and Michael M. Ain, Esquire, brings this action and hereby sues Ivan Melyakov and Vladimir Melyakov, Defendants, and as grounds for this action, Plaintiff states as follows:

### COUNT I
### (Motor Vehicle Collision – Personal Injury)

1. That Plaintiff, Marilyn Gillespie, is a citizen of the United States and a resident of Santa Fe, New Mexico.

2. That at all pertinent times hereto Defendants, Vladimir Melyakov and Ivan Melyakov, were residents of Montgomery County, Maryland.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the Plaintiff is a resident of the State of Maryland and the Defendant is a resident of the State

of Maryland. Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, there is diversity of citizenship among the parties.

4. That, upon information and belief, at all times pertinent hereto, Defendant Vladimir Melyakov was the owner of the motor vehicle operated by Ivan Melyakov at the time of the occurrence herein.

5. That on or about March 3, 2006, at approximately 9:15 p.m., Defendant Ivan Melyakov, who was driving his vehicle at an excessive rate of speed going eastbound on Beech Avenue at or near the intersection of Beech Avenue and Page Avenue, in Montgomery County, Maryland, lost control of his vehicle and swerved into the opposing lane of traffic striking the vehicle being driven by Marilyn Gillespie, Plaintiff.

6. That at all times pertinent hereto Plaintiff acted reasonably, carefully and prudently and in no way caused or contributed to the collision set forth above or to her injuries and damages.

7. That at all times pertinent hereto, the vehicle operated by Plaintiff had the right of way over Defendant's vehicle.

8. That, upon information and belief, at all pertinent times hereto, Defendants were engaged in a joint venture for their mutual benefit or, alternatively, Defendant Ivan Melyakov was the agent, servant or employee of or joint venture, with Defendant Vladimir Melyakov.

9. That at all times pertinent hereto, Defendant Ivan Melyakov had a duty to operate his motor vehicle safely and in such a manner so as to avoid injuries and damages to others including the Plaintiff. Further, at all times pertinent herein, Defendant had a duty to

maintain a proper lookout; a duty to control his vehicle; a duty to devote full time and attention to the operation of his vehicle; a duty to operate his vehicle at a safe speed; a duty to control the speed and direction of his vehicle; and a duty to operate his vehicle with due care and caution in order to avoid colliding with the Plaintiff's vehicle and to avoid injuries and damages to others including the Plaintiff.

10. That at all times pertinent hereto, Defendant Ivan Melyakov was negligent by failing to abide by the duties set forth above and was further negligent by carelessly, negligently and recklessly and in violation of the motor vehicle rules and regulations of the State of Maryland then in full force and effect operating his motor vehicle in such a manner as to cause or contribute to the collision set forth above and to Plaintiff's injuries and damages. The Defendant was further negligent by failing to maintain a proper lookout; by failing to maintain control of his vehicle; by failing to yield the right of way to Plaintiff's vehicle, by failing to devote full time and attention to the operation of his vehicle; by failing to operate his vehicle with due care and caution; by failing to drive at a safe speed; by failing to control the speed and direction of his vehicle; and was otherwise negligent in causing the collision set forth above and the Plaintiff's injuries and damages.

11. That as a direct result of the aforesaid negligence of the Defendant, Ivan Melyakov, without any negligence on the part of the Plaintiff contributing thereto, Plaintiff was required to be extricated from her motor vehicle using a head first extraction. That as a further direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer painful and permanent injuries including head pain, cervical, back and lumbar strain, contusion to the shoulder, vertibrogenic pain, fibromyalgia syndrome, immobility,

muscle spasm, impingement syndrome, adhesive capsulitis of the left shoulder requiring surgery, impaction injury to the right shoulder, and other injuries, damages and losses requiring potent narcotic medication, painful and extended rehabilitation, physical therapy, surgery, loss of time from her employment, and other treatment.

12. That as a further direct and proximate result of the Defendant's negligence Plaintiff has suffered, and in the future will suffer, from mental anguish, embarrassment, emotional distress, diminished ability to perform activities of daily living and work related activities other injuries, damages and losses.

13. That as a further direct and proximate result of the Defendant's negligence, as aforesaid, Plaintiff has been required to expend money for medical treatment and will in the future be required to expend additional sums of money for medical treatment; and Plaintiff has suffered, and in the future will suffer, loss of wages, diminution of earning capacity and loss of enjoyment of life and other injuries, damages and losses in the full sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

WHEREFORE, Plaintiff, Marilyn Gillespie, demands judgment against Defendants, Ivan Melyakov and Vladimir Melyakov, jointly and severally, in the full sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) together with her costs and interest from the date of the accident.

### COUNT II
### (Negligent Entrustment)

1-8. That Plaintiff incorporates herein by reference paragraphs 1-8 of Count I as though fully repeated herein.

9. That at all pertinent times hereto Defendant Vladimir Melyakov had a duty to entrust his

vehicle only to those persons whom he knew were safe and responsible drivers and he had other duties in relationship to the ownership and use of his vehicle.

10. That, upon information and belief and at all times pertinent hereto, Defendant Vladimir Melyakov was negligent by violating the duties set forth in paragraph 9 of this Count; that this Defendant was further negligent by entrusting his vehicle to one whom he knew or should have known was an unsafe and inappropriate person to legally operate a motor vehicle at the time of this collision.

11-12. Plaintiff incorporates herein by reference Paragraphs 9-10 of Count I as though fully repeated herein.

13-15. That as a direct and proximate result of Defendant Vladimir Melyakov's negligence, the Plaintiff, Marilyn Gillespie, suffered the injuries, damages and losses set forth in paragraphs 11, 12, and 13 of Count 1 hereof which are incorporated herein by reference as to said injuries damages and losses.

WHEREFORE, Plaintiff, Marilyn Gillespie, demands judgment against Defendant, Vladimir Melyakov, in the full sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) together with her costs and interest from the date of the accident.

Respectfully submitted,

Ain & Stein, LLC by:

_____
Michael M. Ain, Esquire
Federal Bar No.: 01162
401 North Washington Street, Suite 500
Rockville, MD 20850
301-838-0199
Counsel for Plaintiff

*[signature]*
Robert J. Stanford, Esquire
2021 L St.
Suite 700
Washington, DC 20037
Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all issues raised in this Complaint.

*[signature]*
MICHAEL M. AIN, Esquire