IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARILYN GILLESPIE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. WGC-09-169 |
| ) | |
| IVAN MELYAKOV ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION & ORDER

Pending before the Court and ready for resolution is Defendant's Corrected Motion to Compel (Document No. 34). Plaintiff filed an Opposition (Document No. 35). The deadline for Defendant's Reply has elapsed. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008).

Defendant propounded both interrogatories and document requests upon Plaintiff on March 18, 2009. Defendant received Plaintiff's answers and responses on May 12, 2009.

Interrogatory No. 23 requested

> If you claim lost wages or wage earning capacity as a result of the occurrence, state the amount you reported as earned income on your federal income tax returns for each of the past five (5) years and whether you have a copy of the returns.

Plaintiff answered as follows

| Year | Amount Claimed |
|---|---|
| 2008 | 48,692.24 |
| 2007 | 64,075.76 |

1

| | |
|---|---|
| 2006 | 58,150.23 |
| 2005 | 71,689.99 |
| 2004 | 69,806.92 |

    Copies of the above mentioned tax returns (with the exception of YR 2008), and W2 forms, were included in the Response to Production of Documents, Request #8 and #10.

Request for Production No. 8 sought

    If claiming lost wages, copies of all federal income tax returns for the past six (6) years.

Plaintiff responded

    Please refer to the Response provided for Request #10, Plaintiff's W2 forms for years 2003 through 2008. An objection is made to providing tax returns.

    Defendant argues the federal tax returns are relevant based on Plaintiff's lost income/earning capacity claim of approximately eight hundred seventy-five thousand dollars ($875,000.00). This amount is based on Plaintiff's alleged inability to work full time for the rest of her life. It is Defendant's understanding that Plaintiff filed her tax returns jointly with her husband. Defendant notes Plaintiff has refused to produce the tax returns but has not asserted that such records are privileged. Citing *Ashton v. Cherne Contracting Corp.*, 102 Md. App. 87, 648 A.2d 1067 (1994) and *Rolley v. Sanford*, 126 Md. App. 124, 727 A.2d 444 (1999), Defendant asserts Plaintiff's federal tax returns are discoverable and must be produced. Defendant asks the Court to compel Plaintiff to produce full and complete copies of her joint tax returns for the years 2000[1] through 2008.

---

[1] The undersigned presumes Defendant's proposed order seeking records *beginning in 2000* is an error since Defendant's request for production no. 8 sought tax returns from the past six years or as of 2003.

In her Opposition Plaintiff claims she has produced all documents supporting her earned income specifically (a) W-2 forms from 2003 to 2008, (b) Social Security Statements showing her taxed Social Security wages and amount of Social Security tax paid from 1971 to 2007, (c) performance evaluations for 2001 to 2003 and 2006 to 2008[2], (d) time sheets for her employment from 2006 to July 11, 2009, (e) Form 1099s (Miscellaneous Income) for 2004, 2005 and 2008, and (f) additional statements of income for 2005 and 2006 from Rutgers University and 2005 from Pearson Education.

Plaintiff contends the joint tax returns she and her husband filed list the combined income of both, not Plaintiff's individual income, and thus the joint tax returns are not relevant. Moreover, if Plaintiff redacted all non-relevant information, the joint tax returns would be blank.

Plaintiff claims Defendant's reliance on *Ashton* is misplaced because the facts of *Ashton* are distinguishable from this litigation. Plaintiff is willing to produce her joint tax returns for an *in camera* review to demonstrate her individual income is not itemized but combined with her husband's income. Plaintiff would prefer however to avoid burdening the Court with such a review. As an alternative Plaintiff's counsel is willing to permit Defendant's counsel to look at Plaintiff's joint tax returns at the office of Plaintiff's counsel under the following conditions: (a) Defendant's counsel is prohibited from taking notes, (b) any information obtained from such a review is inadmissible absent a court order stating otherwise, and (c) Plaintiff does not waive any privilege by permitting Defendant's counsel review of the joint tax returns.

The scope of discovery is liberal under the Federal Rules of Civil Procedure. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

---

[2] The 2004 and 2005 evaluations will be provided to Defendant in a supplemental production of documents.

. . ." Fed. R. Civ. P. 26(b)(1). Nowhere in the Federal Rules of Civil Procedure or the Federal Rules of Evidence are individual or joint tax returns classified, per se, as privileged. A policy has developed nonetheless that courts should exercise caution when considering a request to compel the disclosure of tax returns. Some federal courts, including courts within the Fourth Circuit, recognize a qualified privilege for tax returns. *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216-17 (W.D. Va. 1997); *Carmody v. Village of Rockville Centre*, No. CV-05-4907 (SJF)(ETB), 2007 WL 2042807, at * 2 (E.D.N.Y. Jul. 13, 2007). A two-prong test must be satisfied for the qualified privilege to apply. Some courts, like in the *Terwilliger* case, impose a burden on the party seeking production as to the first prong of the test and then shift the burden to the party opposing production as to the second prong. According to the *Carmody* court, "the modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need." *Carmody*, 2007 WL 2042807, at *2. The undersigned has not located any opinions from this District on the topic of qualified privilege for tax returns. The undersigned finds *Terwilliger* more persuasive and thus adopts the test as articulated by this sister district in the Fourth Circuit.

> A two-prong test has been utilized to assess whether the qualified privilege should be overcome and a party's income tax returns should be disclosed. The court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources. While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information.

*Terwilliger*, 176 F.R.D. at 216-17 (citations omitted).

Applying this two-prong test the undersigned finds Defendant has met his burden of showing the relevancy of the tax returns. Plaintiff is claiming a significant amount of damages based on her limited ability to earn income in the future. Plaintiff's history of earned income is without question

4

relevant.

For the second prong of the test, the burden shifts to Plaintiff to demonstrate alternative sources of the information Defendant seeks. Plaintiff has met this burden. Plaintiff has produced W-2 forms for the years 2003 to 2008. The *Terwilliger* court deemed the W-2 form "as an acceptable source of information." *Id.* at 218. Other courts have agreed and disagreed with *Terwilliger*. *Compare Carmody*, 2007 WL 2042807, at *3 (finding Plaintiff's W-2 form and unemployment earning statement are alternative sources of information thus denying Defendants' motion to compel federal income tax returns) *with Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 WL 3681837, at *2-3 (W.D. Tenn. Oct. 30, 2009) (rejecting Plaintiff's contention that W-2 forms are acceptable alternatives, directing Plaintiff to redact joint tax returns as it relates to Plaintiff's wife solely to protect her privacy interest and granting Defendant's motion to compel tax returns).

The undersigned finds protecting the privacy interest of Plaintiff's husband, a non-party, is a legitimate interest. A review of the docket for this case does not show a stipulated protective order has been entered; therefore, no adequate safeguards exist to protect the interest of Plaintiff's husband. *See Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02CV00146, 2004 WL 444570, at *3 n.2 (M.D.N.C. Feb. 24, 2004) (finding any concerns about the privacy interest of the wife of Defendant Fisher is adequately safeguarded by a pre-existing protective order).

Finally, Plaintiff did not produce *solely* her W-2 forms for the years 2003 to 2008 as an alternative source of information. Plaintiff also produced a Social Security Statement listing her taxed Social Security wages and amount of Social Security tax paid for the years 1971 to 2007. Additionally Plaintiff produced Form 1099s (miscellaneous income) and additional statements of

income from Rutgers University and Pearson Education. Taken as a whole these records should provide Defendant a complete and thorough history of Plaintiff's *individually* earned income between 2003 to 2008. Defendant has not raised, nor does the undersigned find, any basis to question the reliability and accuracy of these alternative sources of information about Plaintiff's *individually* earned income. *Contra id.* at *3 (finding a financial statement created by Defendant Fisher was neither reliable nor accurate and therefore not acceptable as an alternative source of information).

For the reasons stated above, Defendant's Corrected Motion to Compel (Document No. 34) is hereby **DENIED**.

| | |
|---|---|
| November 25, 2009 | /s/ |
| Date | WILLIAM CONNELLY<br>UNITED STATES MAGISTRATE JUDGE |